**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JERRY W. GUNTER,** | § | |
| | § | |
| **VS.** | § | **NO. A-07-CA-967 LY** |
| | § | |
| **FORMCRAFT HOLDINGS**[1] | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant the Relizon Company's Motion to Dismiss (Clerk's Doc. No. 5); Motion to Deny Motion to Dismiss (Clerk's Doc. No. 12); Defendant the Relizon Company's Reply (Clerk's Doc. No. 15); Defendant's Notice of Filing Materials In Support of Its Motion to Dismiss (Clerk's Doc. No. 25); Gunter's Response to Defendant's Motion to Dismiss Recharacterized as a Motion for Summary Judgment (Clerk's Doc. No. 33); and Defendants' Reply Memorandum in Support of Their Notice of Filing Materials in Support of Defendants' Motion to Dismiss (Clerk's Doc. No. 37). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  BACKGROUND

Plaintiff is a former employee of the Relizon Company d/b/a WorkflowOne, and he is alleging breach of his employment contract and defamation. *See* Petition ¶¶ 19-27. This case was

---

[1]The Court notes that although Defendant refers to itself as "Defendants" there appears to be only one defendant in this case. That is, Plaintiff's complaint names as defendant "Formcraft Holdings, AKA Relizon Ltd. LLP, AKA WorkflowOne." When Plaintiff pleads that one entity is "also known as" another, that does not make the "AKA" a separate party. From the filings, it appears that the proper defendant is "Relizon Company d/b/a WorkflowOne."

originally filed in state court in Washington County, Texas.  Defendant removed the case to federal court on November 26, 2007.  Plaintiff sought remand of the case, which was denied.  Defendant moved to dismiss the case and attached supporting evidence.  After giving the parties notice of the changed status of the motion and a "reasonable opportunity to present all materials made pertinent to such a motion by Rule 56," this Court construed the Motion to Dismiss as a Motion for Summary Judgment.  *Festa v. Local 3 International Brotherhood of Electrical Workers*, 905 F.2d 35 (2d Cir. 1990).  Both parties submitted additional arguments and evidence, all of which is now before the Court.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986);  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986);  *Ragas*, 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.  REQUEST FOR CONTINUANCE

In his Response to Defendant's Motion to Dismiss Re-characterized as a Motion for Summary Judgment (Clerk's Doc. No. 33), Plaintiff requests a continuance pursuant to FED. R. CIV. P. 56(f) in order for him to perform discovery before the Court rules on the motion for summary

judgment.  *See* pp. 1-2.  Rule 56(f) authorizes a court to grant a continuance to respond to a summary judgment motion when the nonmovant has not had an opportunity to conduct discovery that is essential to his opposition to the motion for summary judgment.  *Woodjoy Enter., Inc. v. Wise Cracker, Inc.*, No. Civ.-A-3:98-CV-0560, 2002 WL 1878862, at *2 (N.D. Tex. Aug. 12, 2002).  A party opposing summary judgment under Rule 56(f) must demonstrate: (1) why additional discovery is needed and (2) how the additional discovery will likely create a genuine issue of material fact.  *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 n.5 (5th Cir. 2002).  Rule 56(f) motions are generally favored and should be liberally granted.  *Id.*  "Where the evidence that the non-moving party contends will create a genuine issue for trial is in the exclusive possession of the moving party, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course."  *Id.*  Nevertheless, district courts have considerable discretion in ruling on motions to suspend summary judgment pending discovery.  *In re Segerstrom*, 247 F.3d 218, 228 n.9 (5th Cir. 2001).

In his response, Plaintiff states that "[t]here are issues which are difficult for [him] to show without formal discovery," and that "[a]n affidavit upon which the Court may rely to grant the continuance is incorporated in the affidavit of counsel certifying of [sic] copies from the administrative law hearing."  Clerk's Doc. No. 33 at 1-2.  Notwithstanding these statements, nowhere does the Plaintiff identify the discovery he needs to adequately respond to the motion, and the affidavit counsel refers to in her response is completely silent on the issue.  *See id.* at Exh. 3.  A party seeking a Rule 56(f) continuance "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'"  *Stearns Airport Equip. Co.,*

4

*Inc. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999) (*citing Washington v. Allstate Insurance Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)).  The Plaintiff's wholesale failure to identify the allegedly needed discovery dooms the Rule 56(f) request.

Moreover, as is apparent in the discussion which follows, it does not appear that there is any discovery Plaintiff could do that would raise a fact issue precluding summary judgment in this case. In his first claim, Plaintiff contends that he had a contract with Defendant regarding certain benefits he would receive upon his termination, and states that the basis of his contract claim is the employee handbook, and an e-mail.  The handbook and e-mail are before the Court, as is Plaintiff's affidavit contending that he was contractually entitled to these benefits.  Given the law on this issue, the Court is hard-pressed to determine what additional evidence could possibly make a difference to the outcome on this point.  The Plaintiff's other claim is for defamation, based on a single statement about Plaintiff made by an employee in Las Vegas to an employee in Texas.  The record contains an affidavit from the Las Vegas employee, and Plaintiff's affidavit also relates the factual basis for this claim.  Again, it does not appear to the Court that there is any additional discovery Plaintiff could conduct that would allow him to defeat summary judgment on this claim.  Given all of this, the Court DENIES Plaintiff's request for a FED. R. CIV. P. 56(f) continuance.

## IV.  ANALYSIS

### A.    Factual Background and Claims

The following material facts are undisputed.  Plaintiff Jerry Gunter last worked at WorkflowOne's Brenham plant on Monday, September 25, 2006.  On that date, Plaintiff was suspended from his position as a shift supervisor and placed on paid administrative leave for allegedly altering the time cards of two employees he supervised, one of whom was his mother, and for destroying company

products.  Instead of terminating Plaintiff, Defendant offered Plaintiff the non-supervisory position of Rotary Press Operator.  Plaintiff was advised to respond to this offer by October 20, 2006, and if he chose not to accept the offer that he would be deemed to have voluntarily resigned.  Plaintiff chose not to accept the offer.  *See* Plaintiff's Exhibit 1-C.

While Plaintiff was on leave, Judi Fouts, a WorkflowOne customer service representative located in the Las Vegas office, spoke to Clarence Evans, Plaintiff's replacement as acting second shift supervisor.  In her Affidavit, she asserts that Evans stated to her on October 15, 2006, that Plaintiff had been fired, that Plaintiff had attempted to enter the WorkflowOne premises after he was fired, and that all keys and alarms had to be changed to keep Plaintiff from entering the building.  *See* Fouts Affidavit Attached to Gunter's Response to Defendant's Motion to Dismiss.

On or about October 25, 2006, Plaintiff was sent a letter notifying him that effective October 6, 2006, his "Paid Administrative Leave" status was modified to "Unpaid Administrative Leave."  He was also given until October 29, 2006, to return to work as a Press Operator.  Plaintiff was also notified that if he chose not to return by that date, he would be deemed to have abandoned his position.  *See* Exhibit 1-B Attached to Gunter's Response to Defendant's Motion to Dismiss.  Plaintiff did not return to work

**B.     Breach of Contract Claim**

Plaintiff alleges that Defendant breached its contract with him when it: (1) failed to follow the disciplinary procedure set out in the employee handbook; (2) failed to pay him severance based upon his years of service; (3) failed to pay Plaintiff while he was supposed to be on paid leave; (4) failed to pay Plaintiff for accrued vacation; and (5) failed to pay Plaintiff for his two weeks notice period.  *See* Plaintiff's Memorandum on Motion to Deny Motion to Dismiss Pursuant to 8(a) and 12(b)(6).  Plaintiff concedes that he did not have a contract for employment, and he does not challenge his demotion or

6

termination.   Rather, he claims that he was contractually entitled to the benefits listed upon the cessation of his employment.

In Texas, to assert a claim for breach of contract a plaintiff must establish: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach.  *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.).  Texas is an "at will" employment state; that is, "absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *County of Dallas v. Wiland*, 216 S.W.3d 344, 347 (Tex. 2007).  "Any modification of an employee's at-will employment status must be based on expressed, rather than implied, agreements that are clear and specific." *Brown v. Sabre, Inc.*, 173, S.W.3d 581, 585 (Tex. App. – Fort Worth 2005, no pet.) (citing *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 282, 283 (Tex. 1993)).

In an employment-at-will situation, an employee policy handbook or manual does not, by itself, constitute a binding contract for the benefits and policies stated unless the manual uses language clearly indicating an intent to do so. *Gamble v. Gregg County*, 932 S.W.2d 253, 255 (Tex. App. – Texarkana 1996, no writ); *see Vida v. El Paso Employees' Fed. Credit Union*, 885 S.W.2d 177, 181 (Tex. App. – El Paso 1994, no writ).  In those cases holding that personnel manuals may create contractual rights, there is either language in the manuals expressing contractual intent, or the manuals were complemented by oral agreements making the policy provisions binding.  *See Gamble*, 932 S.W.2d at 255.  Lastly, disciplinary or termination procedures contained in a handbook have no effect on the at-will nature of the employment relationship. *Matagorda County Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 739-40 (Tex. 2006) (per curium).

Plaintiff relies upon the 2005 Relizon Employee Handbook to support his breach of contract claim. *See* Petition at ¶ 19. However, that handbook specifically states that "nothing in this handbook is to be interpreted as or implied to be a contract of employment. The employment relationship is 'at will' and can be terminated with or without cause, and with or without notice, at any time at the option of the company or the employee." *See* 2005 Relizon Employee Handbook at p. 10. The handbook also states:

> The information outlined in this handbook is provided to all Relizon employees only as a general guideline to your employment. It is not intended to confer contract rights of any kind upon any employee or to create contractual obligations of any kind for the company. Relizon reserves the right to change, delete, and/or amend any statement made in this handbook unilaterally and without notice.

*Id.* at p. 5. Thus the handbook specifically states that it is not a contract and does not create contractual rights – including rights to particular benefits or disciplinary procedures. To the extent that Plaintiff relies on the handbook for his contract claim, that claim fails as a matter of law.

In addition to the handbook, Plaintiff also relies upon an October 27, 2006 e-mail outlining certain benefits (sent after Plaintiff was placed on disciplinary leave), as creating his contractual rights. However, this e-mail – a mass e-mail sent out to a large group of employees – does not create any contractual rights, it merely repeats the benefits set forth in the handbook. Like the handbook, therefore, it cannot be the basis for a contract claim.

Finally, in something akin to an estoppel argument, Plaintiff asserts that once Defendant informed him that he was on paid administrative leave, it was contractually bound to pay him for that time period, and could not change its position (as it did), and make that leave unpaid. Defendant argues that, even assuming that it promised to pay Plaintiff for the leave time, Plaintiff provided no consideration in exchange for any promise of paid leave. Plaintiff responds that he detrimentally relied upon the alleged promise of paid administrative leave when he did not apply for

unemployment benefits earlier.   However, Plaintiff's unilateral choice to not apply for unemployment benefits cannot qualify as consideration sufficient to support a contract. Consideration is defined as a present exchange bargained for in return for a promise. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492 (Tex. 1991).  It is clear from Plaintiff's affidavit that there was no bargaining for paid leave in exchange for his forbearance from seeking unemployment benefits.  Thus, any forbearance on the part of Plaintiff was purely voluntary, and Plaintiff has failed to demonstrate that he was contractually entitled to paid leave.

## C.    Defamation Claim

Plaintiff makes a defamation claim, alleging he was defamed by Clarence Evans, the shift supervisor who replaced him.  Plaintiff contends that Evans told Judi Fouts, another WorkflowOne employee, that Plaintiff attempted to enter the building after his termination, causing WorkflowOne to have to change all the alarm and key codes at the Brenham plant.  Plaintiff alleges this is defamation per se as it alludes to a criminal activity.

To recover for defamation, a plaintiff who is not a public figure must prove: (1) the defendant published a factual statement; (2) that was defamatory; (3) concerning the plaintiff; (4) while acting with negligence regarding the truth of the statement. *Provencio v.. Paradigm Media, Inc.*, 44 S.W.3d 677, 680-81 (Tex. App. – El Paso 2001, no pet.).  To qualify as defamation per se, a communication must "unambiguously and falsely impute[ ] criminal conduct to plaintiff." *Gray v. HEB Food Store No. 4*, 941 S.W.2d 327, 329 (Tex. App.– Corpus Christi 1997, writ denied).  An employer is not liable for its employee's defamatory statements unless the statements were made within the scope of employment. *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577-78 (Tex. 2002). To establish that an employee was acting within the scope of her employment, the plaintiff must put forth evidence

that "the employee's statements were made in furtherance of the employer's business, and for the accomplishment of the objective for which the employee was employed." *Id.* at 578.  If an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation. *Id.* (citing *ITT Consumer Fin. Corp. v. Tovar*, 932 S.W.2d 147, 158 (Tex. App. -- El Paso 1996, writ denied).  Applying Texas law, the Fifth Circuit has found that "an employer is not liable for the employee's intentional or malicious actions that are unforeseeable considering the employee's duties." *Williams v. U.S.*, 71 F.3d 502, 506 n. 10 (5th Cir. 1995).

Plaintiff has offered no summary judgment evidence that either Evans' or Fouts' job duties or work relationship to Plaintiff required discussion of the circumstances of his termination or the fact that the locks and alarms on the Brenham plant were changed because of Plaintiff's actions.  In fact, as pointed out by Defendant, Ms. Fouts states in her Affidavit that: "I was speaking to Clarence Evans who told me that Jerry Gunter had been fired *and that no one was supposed to talk about it*."  Clerk's Doc. No. 33 at Exh. 2, ¶ 4 (emphasis added).  Thus, this evidence establishes that any discussion about Plaintiff's termination was not only not in furtherance of WorkflowOne's business interests, but in fact it was in direct contravention of a company directive. Additionally, regarding the comments about the locks and alarms being changed, Plaintiff has offered no evidence that communication of this information was in any way related to or necessary for Fouts to perform her customer service job in Nevada. The Court finds as a matter of law that the unauthorized gossip of two employees is not within the scope of either's employment.  This claim also fails.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned RECOMMENDS that the District Court GRANT Defendant Relizon Company's Motion to Dismiss Re-characterized as a Motion for Summary Judgment (Clerk's Doc. No.5) and GRANT SUMMARY JUDGMENT as to all of Plaintiff's claims.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of May, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE